**Robert H. BOWEN, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION A C SPARK PLUG DIVISION, Defendant.**

**Civ. A. No. C76–373 A.**

United States District Court, N. D. Ohio, E. D.

Dec. 23, 1981.

Paul A. Tscholl, John A. Tscholl, Canton, Ohio, for plaintiff.

John O'Brien, Cleveland, Ohio, for defendant.

## REPORT, FINDINGS AND ORDER

CONTIE, District Judge.

This class action was initiated in 1976 by the named plaintiff, Robert Bowen, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17, to redress alleged unlawful employment discrimination in the A–C Delco division of defendant General Motors Corporation. The named plaintiff sought declaratory relief, injunctive relief, damages and reinstatement on behalf of himself and all members of the class similarly situated.

On December 8, 1977, the Court issued an order certifying the class as follows:

Negro persons who are now employed or were employed by defendant as sales representatives since March 1, 1969.

The Court refused to include in the class persons who had applied to the defendant but were not hired, on the grounds that the interests of rejected job applicants may have been antagonistic to the interests of those who were hired.

The class was certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure and, in its discretion, the Court found that notice pursuant to Rule 23(d)(2) of the Federal Rules of Civil Procedure was appropriate in this action. Accordingly, the Court ordered the plaintiff to submit a proposal for the content and method of personal notification of each class member.

After several motions by the plaintiff seeking information from the defendant, a list of class members was compiled. There were approximately seventy-seven (77) members in the certified class. On May 18, 1978, the plaintiff's counsel filed an affidavit stating that he had mailed the Court-approved notice to all class members.

The Court heard testimony and received exhibits on October 4, 5, 6, and 10, 1978, and on March 1, 1979, entered judgment for the defendant. 542 F.Supp. 87 (N.D.Ohio 1979).

The plaintiff appealed to the United States Court of Appeals for the Sixth Circuit. In its Order filed March 13, 1981, 652 F.2d 56, the Court of Appeals affirmed this Court's decision as to the named plaintiff but held that the judgment was *res judicata* only as to Bowen.

In response to the defendant's petition for rehearing, the Court of Appeals issued an Amended Order, 663 F.2d 1070, which provided in relevant part:

From this record we are unable to determine the adequacy of class representation. Therefore, pursuant to the remand and procedure employed by the Fifth Circuit in *Grigsby v. North Missippi [Mississippi] Medical Center*, 586 F.2d 457, 461–62 (5th Cir. 1978), the case is remanded to the district court where a hearing shall be held with full and adequate written notice, as to time, place and purpose to each

class member. The district court shall report the results of this hearing to this Court prior to January 1, 1982.

The Court has taken all practical steps to insure that full and adequate written notice as to time, place and purpose of the hearing on adequacy of class representation has been given to each class member.

A hearing was held on November 20, 1981 at 1:00 P.M. in the United States District Court in Akron, Ohio. Pursuant to Court order, the named plaintiff and his counsel were present. Also present were counsel for the defendant and two employees of the defendant who were present to testify. No class members other than the named plaintiff attended the hearing. One class member did write a letter to plaintiff's counsel and the letter was received by the Court. Having received evidence, the following shall constitute the Court's report of the hearing, as required by the Amended Order of the Court of Appeals. Attached hereto and incorporated herein by reference are the following exhibits: *

1. Exhibit A

Notice as to time, place and purpose of hearing to be held on October 30, 1981.

2. Exhibit B

Order of Court, dated September 17, 1981, directing Clerk of Courts to send notice of hearing to all class members.

3. Exhibit C

Order of Court directing plaintiff Robert Bowen, and counsel Paul Tscholl, John Tscholl and Ray Pallas to appear at the hearing on October 30, 1981.

4. Exhibit D

Sample of letter sent to plaintiff's counsel with each returned notice, requesting current addresses of class members.

5. Exhibit E

Letter dated September 24, 1981, from Traci Lancy, Deputy Clerk of Courts, to counsel for defendant requesting current addresses of class members.

6. Exhibit F

Letter dated October 6, 1981, from Traci Lancy, Deputy Clerk of Courts, to counsel for plaintiff requesting current addresses of class members.

7. Exhibit G

Letter dated October 9, 1981, from defendant's counsel supplying current addresses of class members.

8. Exhibit H

Certification of Clerk of Courts that notices were sent on October 13, 1981, to all class members at the addresses supplied by the defendant.

9. Exhibit I

Plaintiff's motion for a continuance of the hearing date and assessment of costs against the defendant for notifying class members of hearing.

10. Exhibit J

Order of Court granting the plaintiff's motion for a continuance of the hearing date until November 20, 1981, and denying the motion to impose the cost of notice on the defendant. Cost of notice not assessed against either party.

11. Exhibit K

Amended Notice as to time, place and purpose of hearing to be held on November 20, 1981.

12. Exhibit L

Certification of Clerk of Courts that amended notices were sent on October 20, 1981, to all class members.

13. Exhibit M

Motion of Ray Pallas to withdraw as plaintiff's co-counsel. Granted on November 2, 1981.

14. Exhibit N

Letter dated November 4, 1981, from Traci Lancy, Deputy Clerk of Courts, to Johnsons Publishing Company requesting help in locating class members.

15. Exhibit O

Memorandum of Traci Lancy, Deputy Clerk of Courts, detailing the Clerk of Court's efforts in providing notice of the hearing to all class members.

16. Exhibit P

---

* Exhibits omitted from published order and report.

Letter of class member George Carlisle, dated October 16, 1981, and supplied to the Court by plaintiff's counsel at the hearing on November 20, 1981.

17. Exhibit Q

Transcript of the hearing on November 20, 1981.

## DISCUSSION

■ As a general rule, "all class members are bound by the judgment rendered in an action in which a class is properly certified." *Grigsby v. North Mississippi Medical Center*, 586 F.2d 457, 461–62 (5th Cir. 1978). A major limitation of the general rule is that absent class members are not bound if the class representative failed to provide adequate and fair representation. *Nathan v. Rowan*, 651 F.2d 1223, 1227 (6th Cir. 1981). These principles apply to all class actions, even those which are certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

■ Since notice is discretionary in 23(b)(2) actions and there is no opt-out privilege given to absent class members, the Fifth Circuit in *Grigsby* held that "the propriety and adequacy of representation accorded to absent class members by the named parties in (b)(1) and (b)(2) actions should be critically evaluated before their rights are foreclosed."[1] *Id.* at 461. Noting the "dearth of evidence and deficiency of effort on behalf of the absent class members" the court in *Grigsby* remanded the case to the district court for further findings on adequacy of representation. *Id.* at 462.

The only issue which the Court will address in this report is the adequacy of the named plaintiff as a representative of the class. Whether a named representative "adequately represents a class depends upon all the circumstances of the case." *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir. 1975), *cert. denied* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). The test for adequacy of representation[2] was set out in *Senter v. General*

1. The *Grigsby* court's concern with adequacy of representation before applying *res judicata* to unnamed members of the class is related to the differences between various types of class actions under Rule 23.

There is no requirement that notice be given to absent class members in a Rule 23(b)(2) class action. There is also no requirement that absent class members be given an opportunity to "opt-out" of the class. *Laskey v. International Union UAW*, 638 F.2d 954, 956–57 (6th Cir. 1981). However, both notice and an opportunity to opt-out must be provided to absent class members in Rule 23(b)(3) actions.

The reason for the differences between 23(b)(2) and 23(b)(3) class actions can be explained by the different functions served by each rule. Rule 23(b)(2) "was intended primarily to facilitate civil rights class actions, where the class representatives typically sought broad injunctive or declaratory relief against discriminatory practices." *Penson v. Terminal Transport Company, Inc.*, 634 F.2d 989, 993 (5th Cir. 1981). On the other hand, monetary relief is usually sought in Rule 23(b)(3) actions. Therefore, notice and the right to opt-out are required in 23(b)(3) actions "because it was presumed that, where personal monetary relief is being sought, the individual class members may have a strong interest in pursuing their own litigation." *Id.*

The problem arises in 23(b)(2) cases such as the instant action and *Grigsby*, where in addition to declaratory relief, monetary damages were sought. In such "hybrid" cases, the rule in the Fifth Circuit currently requires notice at some stage in the proceedings but such notice need not comply with the notice requirements for Rule 23(b)(3) actions. Specifically, there is no absolute right to opt-out in these hybrid 23(b)(2) actions. *Penson v. Terminal Transport Company Inc.*, 634 F.2d 989, 994 (5th Cir. 1981).

The Court notes that this was the procedure followed in the present action as notice was sent to absent class members several months before trial. This procedure contrasts sharply with that followed by the district court in *Grigsby* where the class was certified on the first day of trial and notice was not given to absent class members at any time.

2. This action is somewhat unusual in that the question of adequacy of representation is being re-examined after trial. This allows the Court to examine the issue in a different perspective. The Court has the advantage of hindsight in determining whether the named plaintiff had common interests with unnamed members of the class. Likewise, rather than predicting whether the named plaintiff would vigorously prosecute the class claims, the Court is able to determine whether they did, in fact, vigorously pursue those claims. See *Gonzales v. Cassidy*, 474 F.2d 67, 73 (5th Cir. 1973).

*Motors Corporation,* 532 F.2d 511, 524–25 (6th Cir.), *cert. denied* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976):

> There are two criteria for determining whether the representation of the class will be adequate: 1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. (citations omitted)

The Court will now address both criteria with respect to this action.

### A. Common interests with class

■ The first factor in determining whether the named representative had common interests with unnamed members of the class is whether the representative was a member of the class. *East Texas Motor Freight System Inc. v. Rodriquez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). The Court finds that the named plaintiff, Robert Bowen, was a member of the certified class. He is black and he was employed by the defendant as a sales representative after March 1, 1969.

■ A second factor to consider is the nature and extent of the named party's stake in the outcome. *Linder v. Litton Systems Inc., Amecom Division,* 81 F.R.D. 14, 19 (D.Md.1978). In an employment discrimination case where broad equitable relief is sought in addition to monetary relief, it is important that the class representative have an interest in the equitable relief sought on behalf of the class. Therefore, a representative may not be adequate in an employment discrimination case where he does not seek reinstatement. *DeGrace v. Rumsfeld,* 614 F.2d 796, 808–11 (1st Cir. 1980); *but see Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 250–51 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). In such a case, decertification may be proper since a representative who does not seek reinstatement has no interest in correcting deficiencies in an employer's future operations.

In the present action, the Court finds that the nature and extent of the named representative's interest in the outcome of the action was sufficiently co-extensive with that of the class he represented. Bowen did seek reinstatement to his job with the defendant along with monetary relief. As such, he had an interest in correcting alleged discriminatory practices of the defendant in the future.

■ The third factor in determining whether a named representative has common interests with unnamed class members is to determine his familiarity with the conditions he seeks to challenge on behalf of the class. *See e.g. Sonnier v. Engineers and Fabricating Company,* 29 F.R.Serv.2d 1020 (S.D.Tex.1980). In *Sonnier,* the district court refused to certify a class in an employment discrimination suit where the named representative had only worked for the defendant for one month. In such a case, the court held, the representative was not familiar enough with the conditions of which he complained in order to "be able to assist his counsel in the preparation and presentation of the case." *Id.* If a named representative is only familiar with the particular facts surrounding his individual claim, he would not be an adequate representative of the class.

Such is not the case in this action. Bowen was initially employed by the defendant for several years as an hourly employee, and he was later employed as a sales representative for a period of over four years. As a sales representative, Bowen traveled a great deal and met with other sales representatives. At the hearing, Bowen testified that he had spoken with other class representatives about the alleged discriminatory practices of the defendant. Additionally, it is relevant that Bowen had previously brought civil rights claims against the defendant before the Michigan Department of Civil Rights. This fact indicates that he was familiar with the type of evidence needed in a discrimination claim and would be able to assist his counsel.

The Court finds that Robert Bowen, as named representative of the class, was suf-

ficiently familiar with the conditions he challenged on behalf of the class and was an adequate representative in that respect. The Court further finds that the evidence taken at the hearing on adequacy of representation indicates that he adequately assisted his attorneys in the preparation and presentation of his case. Bowen is an articulate man with a college education. As such, he was able to competently assist his counsel.

■ Accordingly, the Court finds that first criteria of the *Senter* test, regarding the requirement that the named representative have common interests with the unnamed members of the class, was satisfied in this action.

### B. *Vigorous prosecution of class claims*

The second *Senter* criteria is that the named representative must "vigorously prosecute the interests of the class through qualified counsel." *Senter v. General Motors*, 532 F.2d 511, 525 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

The Court's first inquiry is whether Bowen retained qualified counsel. The Court finds that he did retain qualified counsel in Paul Tscholl, John Tscholl, and Ray Pallas. Paul and John Tscholl have tried civil rights cases in this Court and have demonstrated their competence. Paul Tscholl engaged co-counsel Ray Pallas because he viewed Pallas as an expert in the field of civil rights litigation. The Court notes that Pallas was a former employee of the Michigan Department of Civil Rights and has specialized in civil rights cases since becoming a private attorney. All three attorneys took an active role at trial.

The Court's second inquiry is whether the class claims were vigorously prosecuted by the named representative and his counsel. *Gonzales v. Cassidy*, 474 F.2d 67, 73 (5th Cir. 1973).

■ The question of vigorous prosecution of class claims may be divided into two time frames: (1) whether the named representative and his counsel pursued the investigation of class claims during the pre-trial discovery stage; and (2) whether the class claims were presented at trial.

With regard to the pre-trial stage, the initial factor is that the named plaintiff must have sufficient resources to investigate class claims and contact other class members. *Ingram v. Joe Conrad Chevrolet, Inc.*, 90 F.R.D. 129, 132 (E.D.Ky.1981). Bowen's testimony at the hearing indicates that he spent over $5,000.00 in contacting other class members and investigating class claims.[3] Bowen also incurred debts for additional expenses, which are as of now unpaid. The Court finds that the named plaintiff in this action had sufficient resources to be an adequate representative of the class.

Furthermore, the Court finds that the named plaintiff used these resources to sufficiently investigate class claims. The named plaintiff and his counsel contacted class members on the phone and followed up claims made by class members who had responded to the notice of the action. Several of these potential witnesses were deposed. Naturally, there were other witnesses who were not deposed because of time and financial reasons. This does not indicate that the class representative was inadequate as it would simply be impossible to maintain a class action if the named representative was forced to depose every class member or potential witness. In any

---

**3.** This expenditure of over $5,000.00 was solely for the investigation of claims relating to the class and did not include any attorneys' fees. Bowen itemized his approximate actual expenditures as follows:

| | |
|---|---|
| 1) Fee paid to N. Dwight Teachworth to investigate personnel records | $2,000.00 |
| 2) Depositions | 600.00 |
| 3) Transcripts | 500.00 |
| 4) Expenses for witnesses | 500.00 |
| 5) Travel to defendant's headquarters | 200.00 |
| 6) Phone calls to class members | 600.00 |
| 7) Mailing and copying expenses | 800.00 to $1,000.00 |

action, decisions as to the allocation of resources must be made. The Court finds that Bowen and his counsel made all reasonable efforts in locating and interviewing class members.

It is also significant that the plaintiff retained the services of N. Dwight Teachworth, an attorney and former investigator for the Michigan Department of Civil Rights. Teachworth, along with several assistants, went to the defendant's offices in Detroit and Flint, Michigan, to inspect personnel files. This inspection involved the analysis of over one thousand personnel files and lasted for over six full days. This significant expenditure of time and money indicates that the named plaintiff and his counsel were vigorously pursuing the class claims during the pretrial discovery stage.

Another indication that Bowen and his counsel pursued the class claims as well as Bowen's individual claims is their efforts to certify the class in this action. The Supreme Court has noted that the failure of a named plaintiff to seek class certification "bears strongly on the adequacy of the representation that those class members might expect to receive." *East Texas Motor Freight System, Inc. v. Rodriquez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). In the present action, the plaintiff promptly moved for certification and the issue was fully briefed and presented to the Court. The plaintiff also filed numerous motions to obtain current and more legible addresses of the class members, in order to provide notice as ordered by the Court.

The Court finds that the named plaintiff and his counsel vigorously pursued the class claims during the pretrial stage of this action. The second inquiry with regard to vigorous prosecution is to determine whether the class claims were presented at trial.

The plaintiff's first witness at trial was N. Dwight Teachworth. His testimony was related solely to the class claims as he presented statistics on promotions and terminations according to race. These statistics were compiled from Teachworth's investigation of the defendant's personnel files. While he was not a statistician, Teachworth's experience as an attorney and investigator for the Michigan Department of Civil Rights enabled him to fully analyze the personnel files and testify as to his findings.

It is also very significant that six class members, in addition to Bowen, testified on behalf of the class. These witnesses were Craig Alan Johnson, Dawson Jackson, Henry Freed, Eugene Franklin, Jr., Jason Bryant, and Clifton Jones. The food and lodging expenses of these witnesses were partially borne by the named plaintiff. The Court notes that three of the class members who testified were from California; two were from Michigan; and one from Maryland. This fact is significant in that the class was represented from areas across the nation, whereas Bowen was located in Ohio.

This clearly was not a case where only the named plaintiff's individual claims were litigated. Rather, the testimony of Teachworth and the six class members other than Bowen indicates that the class claims were fully presented to the Court. The class claims were discussed in the plaintiff's opening statement and again at the close of the plaintiff's case when the Court denied the defendant's motion for decertification.

The named plaintiff testified at the hearing that he was fully satisfied with the performance of his counsel and felt that they had done all that they could in trying the case. Paul Tscholl testified that he felt that he and his co-counsel had competently tried the case. The Court concurs in that judgment and finds that the named plaintiff's counsel competently tried the class claims as well as Bowen's individual claims.

The fact that the class did not ultimately prevail on their claims is irrelevant. If the issue of adequacy of representation turned on the outcome of the suit, *res judicata* would only apply if the class prevailed. Such an unjust result would not be in accord with the policy of Rule 23.

The Court finds that the named plaintiff and his counsel vigorously prosecuted the class claims at trial. Their evidence was merely insufficient to establish their claims.

## CONCLUSION

This hearing presented an opportunity for absent members of the class to challenge the adequacy of Robert Bowen's representation of the class. Notice was sent to all members of the class informing them of the time and purpose of the hearing. The Amended Order of the Court of Appeals was attached to the notice in order to more fully inform the class members of the purpose of the hearing. No class members attended the hearing. The only communication from a class member was the letter sent by George Carlisle, Jr., to plaintiff's counsel. Most of the letter is devoted to alleged acts of discrimination occurring after this action was tried. Such evidence obviously would not have been available to counsel at trial and is, therefore, irrelevant on the issue of adequacy of representation. In any event, the adequacy of the named plaintiff's representation is not challenged at all in Carlisle's letter. There is also no indication that Carlisle did not receive notice of the trial in 1979, or that he contacted the named plaintiff or counsel prior to trial.

A named representative of a class need only be adequate; there is no requirement that the representative "be the best of all possible plaintiffs." *Apanewicz v. General Motors Corporation*, 80 F.R.D. 672, 677 (E.D.Pa.1978). In this action, the Court finds that Robert Bowen was an adequate representative of the plaintiff class and that he vigorously prosecuted the claims on behalf of the class. Accordingly, the Court hereby finds that the judgment entered against Robert Bowen and for the defendant should also be binding on all members of the class certified in this action.

IT IS SO ORDERED.