**Geneva MAYO, et al., Plaintiffs,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant.**

No. C–3–88–618.

United States District Court, S.D. Ohio, W.D.

March 9, 1993.

Kathaleen Beth Schulte, Frederick Martin Gittes, Spater, Gittes & Terzian, Jerry Leigh Bunge, Columbus, OH, for plaintiffs.

Gerald Paul Ferguson, Thomas Michael Taggart, Vorys, Sater, Seymour & Pease, Columbus, OH, for defendant.

DECISION AND ENTRY GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CERTIFY THE CLASS (DOC. # 41); DECISION AND ENTRY ESTABLISHING SUB-CLASSES AND IDENTIFYING CLASS PERIOD; CERTAIN DISCOVERY ALLOWED; CONFERENCE CALL SET TO ESTABLISH PROCEDURES REGARDING NOTICE TO THE CLASS, TRIAL DATE AND PRE-TRIAL DEADLINES.

RICE, District Judge.

The captioned cause is before the Court on Plaintiffs' motion to certify the action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3). Doc. # 41. As a point of departure, the Court reviews the complaint's substantive allegations and the case's procedural history.

## I. Introduction

Geneva Mayo, Virginia Dudas, and Willie Wilson,[1] hereinafter "Plaintiffs," allege that the Defendant, Sears, Roebuck & Company, hereinafter "Sears," did not inform them that the home improvements they purchased from and financed through Sears would result in a security interest being placed on their principal residences. Doc. # 1, Complaint, at 2. Additionally, Plaintiffs claim, Sears fraudulently misrepresented and failed to disclose to them their rights as borrowers. Id. Plaintiffs claim that Sears' failures to inform them of the creation of a security interest and of their rights as borrowers constituted violations of federal and state law, specifically, three provisions of the Truth in Lending Act, 15 U.S.C. §§ 1637, 1638, 1635; Ohio's Consumer Practices Sales Act and Retail Installment Sales Act, Ohio R.C. Chs. 1345

and 1317, respectively; as well as common law fraud. Doc. # 1, ¶s 31–62.

The individual plaintiffs are Ohio residents and homeowners.[2] Ms. Mayo purchased a furnace and electrical services from Sears on June 3, 1988; Ms. Dudas bought a furnace, an air conditioner and electrical services from Sears on April 25, 1988; and Mr. Wilson bought a furnace and an air conditioner on May 9, 1988. Doc. # 1, ¶s 4, 6, 7. Plaintiffs allege that they called Sears because they "trusted" the company. Id. at ¶ 13. They claim that a salesperson visited each plaintiff, explained that Sears would allow them to pay for the improvements in installments, and prepared documents for each plaintiff to sign. Id. at ¶ 13–16. Plaintiffs further allege these documents were applications for credit and other forms which created a security interest attaching to the individual's dwelling.[3] Plaintiffs assert that the sales personnel did not explain that the documents would create a security interest in the customer's house; they also assert that documents did not disclose certain information— amounts financed, finance charges, finance charges expressed as an annual percentage rate, the total number of payments, inter alia—required by law. Id. at ¶s 18–27.

Plaintiffs seek injunctive relief preventing Sears from taking security interests in Plaintiffs' principal residences and requiring Sears to remove all security interests it now holds in the principal residences of class members. Plaintiffs also seek declaratory judgments that the security interests taken in Plaintiffs' homes are void, and that plaintiffs are entitled to rescission. Finally, Plaintiffs seek actual damages, statutory damages, and treble damages, as provided by Ohio R.C. § 1345.09.[4] Doc. # 1 at 13–14.

1. When the action was originally filed, there was a fourth plaintiff, Louis Dudas, the husband of Virgina Dudas. Doc. # 1. Three named plaintiffs remain, since this Court granted Plaintiffs' motion that Mr. Dudas be permitted to withdraw. Doc. # 45.

2. Since the initiation of this action, Ms. Mayo has sold her house. Doc. # 55 at 21, Doc. # 55, App. 12.

3. Sears disputes that the security interest attached to their customers residence and asserts that the interest created attached only to the item

purchased, a fixture. Of course, given the procedural posture of the case, a motion to certify the class, the Court need not address this dispute. Miller v. Mackey Int'l, 452 F.2d 424, 427 (5th Cir.1971) ("In determining the propriety of a class action, the question is not whether ... the plaintiffs have stated a cause of action ... but rather whether the requirements of Rule 23 were met.") (Wisdom, J.).

4. If the instant matter is certified as a class action, Plaintiffs will not be able to recover treble damages. Ohio R.C. § 1345.09(B) ("where the violation was an act or practice declared to be

Plaintiffs also seek certification of two sub-classes[5] : (1) customers of Sears stores in Ohio who purchased home improvements from Sears and who financed their purchases through Sears from December, 1987, to the present; (2) customers of Sears stores in Ohio who purchased home improvements from Sears and whose purchases were financed by Sears subject to a security interest in the purchaser's home from December, 1985, to the present. Doc. # 41 at 1.

Defendants claim that the requirements for certification are not met: specifically, that the named plaintiffs are not able to represent the interests of the class (Doc. # 48 at 7–18); that plaintiffs' counsel is unable to represent the absent members of the class (*Id.* at 19–21); that the named plaintiffs' claims are not typical of the absent class members (*Id.* at 21–24); that the named plaintiffs do not have common interests with the absent class members (*Id.* at 24–26); and, finally, that certification is inappropriate for the fraud claim and the rescission remedy (*Id.* at 26–30).

## II. *Motion for Class Certification*

 The Federal Rules of Civil Procedure mandate a two step process to determine if an action is maintainable as a class action. *First*, the court must determine whether the four prerequisites to a class action are present. These four prerequisites, referred to as numerosity, commonality, typicality and adequacy of representation, are:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the interests of the class.

Fed.R.Civ.P. 23(a). These prerequisites limit class claims to those which are encompassed by the named plaintiff's claims. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982). *Second,* if the foregoing prerequisites are satisfied, the court must then decide whether one of the factual situations described in Rule 23(b) has been met. As Plaintiffs seek certification under Rule 23(b)(2) and (b)(3) [6], the Court must decide whether (1) Sears "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole," Fed.R.Civ.P. 23(b)(2); and whether (2) "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The Plaintiffs, as the party seeking certification of the class, bear the burden of establishing the required elements. *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

 In determining whether to certify a class, a court is prohibited from considering the merits of the action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732 (1974). For purposes of a class certification motion, a court must accept as true the factual allegations contained in the complaint. *Shelter Realty Corp. v. Allied Maintenance Corp.,* 574 F.2d 656, 661 n. 15 (2d Cir.1978); *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir. 1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). The court "may consider reasonable inferences drawn from facts

---

unconscionable ..., the consumer may rescind the transaction or recover, *but not in a class action,* three times the amount of his actual damages.") (emphasis added).

**5.** While the complaint is ambiguous about the number of sub-classes it seeks, Doc. # 1 at ¶ 10, the motion for certification (Doc. # 41) explicitly requests certification of two sub-classes. The Court considers the explicit request controlling.

**6.** While the complaint seeks certification under Rule 23(b)(2) or (b)(3), the Court understands that Plaintiffs seek certification under Rule 23(b)(2) and (b)(3). If they did not move for certification under these two sections of Rule 23(b), it would not be possible for this Court to grant them the declaratory and injunctive relief and damages that they seek.

before [it] at that stage of the proceedings." *Senter*, 532 F.2d at 523.

Defendants oppose certification, arguing that Rule 23(a)'s requirements of commonality, typicality, and adequacy of representation are absent, and that Rule 23(b)(2) and (b)(3)'s respective requirements of "acting on grounds generally applicable to the class" and that common questions of law and fact "predominate over any questions affecting only individual members" are also absent. Doc. # 48 at 7–26.

### A. The Requirements of Rule 23(a)

#### (i) Numerosity

■ As a point of departure, the Court finds that the Plaintiffs' claims satisfy the initial element for class certification, numerosity. The Complaint alleges that there are at least one thousand similarly situated individuals in the State of Ohio, Doc. # 1 at ¶ 9, and that from December, 1987, through January, 1991, at least 910 customers sought home improvements through Sears' Dayton Home improvement products and sales operation, hereinafter "HIPS." Doc. # 41 at 19. The Court finds that the class is sufficiently numerous so that joinder of all members is impracticable.

#### (ii) Commonality

With respect to the second requirement, commonality, Defendants argue that the plaintiffs purchased improvements through the HIPS program, and therefore may not represent plaintiffs who used other financing methods, like the SearsCharge and the Discover card. Doc. # 48 at 25. Defendants also assert that the plaintiffs lack common interests with the unnamed class members seeking recovery under the state statutes. *Id* at 25–26.

■ The commonality requirement is satisfied "as long as the members of the class have allegedly been affected by a general policy of the defendant, and the general policy is the focus of the litigation." *Day v.*

*NLO, Inc.*, 144 F.R.D. 330, 333 (S.D.Ohio 1992). Plaintiffs' allegations meet this test. The named plaintiffs purchased home improvements and were affected by Sears' policy, specifically the Sears HIPS financing program, which allegedly failed to warn plaintiffs about their rights as debtors, and did not inform them that a security interest was taken in their home. Doc. # 1 at ¶ s 4–7, 12–27. The named plaintiffs seek to represent a class affected by the same policy, and that policy is the focus of this litigation. The Court holds that the commonality requirement has been met for the federal as well as the state claims.[7]

There remains the issue of whether plaintiffs' allegations share common legal and factual issues with those who purchased using methods of financing other than HIPS. The named plaintiffs used Sears' credit to finance their home improvements. Doc. # 1 ¶ s 12–27, Doc. # 41 at 10–16. The case turns on whether the documents used in these credit transactions which constitute the credit application contain the required disclosures and effect a security interest in the plaintiffs' dwelling. Since the core of this litigation focuses on legal and factual issues regarding the application for credit, the Court finds that Plaintiffs' allegations present common issues of law and fact with those individuals who purchased home improvements through Sears and who used the same application for credit that Plaintiffs used, including the UCC–1 form. If purchasers of home improvements who used SearsCharge or other financing methods did not utilize forms substantially similar to forms used by Plaintiffs, then Plaintiffs may not represent such individuals in this class action. However, if purchasers who did not use HIPS *did* use forms substantially similar to those utilized in sales to Plaintiffs, then Plaintiffs may represent such individuals in this action. The Court will permit discovery to allow Plaintiffs to determine whether such non-HIPS purchasers of home improvements were required to

---

**7.** The Court understands Plaintiffs' complaint to allege violation of Ohio R.C. Ch. 1345 (Doc. # 1, ¶ s 51–58) and Ohio R.C. Ch. 1317 (Doc. # 1, ¶ s 61–62), both of which prohibit certain unfair and/or deceptive trading practices. Plaintiffs al-

lege that the failure to disclose the nature of the liens violated these provisions of state law. The named plaintiffs state claims containing questions of law and fact which they have in common with the unnamed class members.

sign forms substantially similar to those signed by plaintiffs herein. The Court notes that it would violate Fed.R.Civ.P. 23(a) to permit purchasers who neither used HIPS nor used substantially similar forms to be represented in this lawsuit, even as a subclass. The Plaintiffs herein would not be adequate representatives for the claims of such individuals (23(a)(4)) nor would Plaintiffs' claims be typical of such individuals' claims (23(a)(3)).[8]

#### (iii) Typicality

█ With respect to the third requirement, typicality, the Sixth Circuit explained that "a representative's claims need not always involve the *same* facts or law provided there is a common element of fact or law [which unites the claims of the representative and the class]." *Senter,* 532 F.2d at 525 (emphasis added). Sears challenges the typicality of the named plaintiffs, claiming that as purchasers of furnaces, air conditioners and electrical services, they can not represent purchasers of windows, roofing, and fireplaces and other improvements which are "actually incorporated into the structure of the building." Doc. # 48 at 22. Sears also claims that it will rely on defenses against the Plaintiffs, who purchased removable fixtures, which are different from those it will utilize against other members of the class, who purchased non-removable fixtures. These unique defenses, Sears argues, prevent this Court from properly certifying the class.

Such reasoning is not persuasive. Sears' claims, in effect, that furnaces are removable while fireplaces are not, are, at best, issues of law and fact to be resolved at trial, not legally cognizable "unique defenses" which operate as a bar to class certification. Moreover, Sears' argument falls short because it does not recognize the gravamen of this action, to wit: Sears' failure to disclose the security interest it took in Plaintiffs' dwelling and its failure to disclose the terms of the credit it offered. Plaintiffs' allegations that a security interest was created and not disclosed, and that the terms of credit were not

disclosed, meet the typicality requirement. The Sixth Circuit's observation that typicality "need not always involve the same facts ... provided there is a common element of fact," (*Senter,* 532 F.2d at 525 n. 31) supports the finding that Plaintiffs' claims are typical of the absent class members' claims. The Court, therefore concludes that the named plaintiffs bring claims which meet the Rule 23(a)(3) typicality requirement.

#### (iv) Adequacy of Representation

The fourth requirement, adequacy of representation (Rule 23(a)(4)), "includes, but is broader than" the typicality test. 1 Newburg on Class Actions § 3.22 at 200 (2d ed. 1985). The Sixth Circuit has identified two criteria for determining whether the representation of the class will be adequate: 1) the representative must have common interests with unnamed members of the class, and 2) the representative will vigorously prosecute the interests of the class through competent counsel. *Senter,* 532 F.2d at 525. The court in *Bowen v. General Motors Corp., AC Spark Plug Div.,* 542 F.Supp. 94 (N.D.Ohio 1981), identified three factors to determine if the first, "common interests," prong of this test has been met: "whether the representative was a member of the class," "the nature and extent of the named party's stake in the outcome," and the named party's "familiarity with the conditions he seeks to challenge on behalf of the class." *Id.,* 542 F.Supp. at 99.

Plaintiffs herein meet the "common interests" prong of the *Senter/Bowen* test. Each plaintiff, having purchased home improvements and financed them through Sears' HIPS program, is a member of the class. Likewise, each plaintiff, having the possibility of some financial gain as well as injunctive relief, has a stake in the outcome of this action. Finally, each plaintiff, as a purchaser of home improvements from and a user of financing provided through Sears, is familiar with the conditions that this action seeks to redress. Simply stated, the named Plaintiffs share with the unnamed members of the putative classes the common interest of obtaining compensation from Sears for the al-

---

8. Needless to say, the Court should be notified as to the result of this limited discovery in order to rule, with finality, upon whether these non-HIPS

individuals may or may not be represented by the class plaintiffs.

legedly illegal conduct Sears engaged in when it sold them home improvements and extended credit to them.

To the extent that an unnamed plaintiff may wish to pursue an individual action against Sears, and thereby avoid the limits on recovery[9] imposed on class actions brought pursuant to the Truth in Lending Act, the named plaintiffs' interests conflict with such an unnamed class member. However, any such conflict is easily resolved by ample notice to the class combined with an opt-out provision. With such procedural safeguards in place, there is no indication that the interests of the named Plaintiffs are antagonistic to those of the unnamed members of the putative classes. This Court concludes that the named plaintiffs satisfy the first prong of the *Senter/Bowen* test: they have common interests with the unnamed members of the class.

As to the second prong of the *Senter/Bowen* test, the court in *Bowen* pointed to two factors to determine if the named representative will vigorously prosecute the interests of the class. The court should look to whether plaintiff has retained qualified counsel and whether the named representative and counsel investigated class claims during the pretrial period and presented the class claims at trial.[10] *Bowen*, 542 F.Supp. at 100.

■ Sears has challenged the quality of Plaintiffs' counsel, alleging that Mr. Bunge's letters to class members violate the Canons of Professional Ethics and are deceptive, misleading, and contain misstatements of law and fact. Doc. # 48 at 19–21. The Court is not persuaded by Sears' criticisms of Plaintiffs' counsel. While Sears criticizes Mr. Bunge's legal conclusions, these legal conclusions are those ultimately at issue herein, to wit: whether the security interest in the home improvements attaches to the Plain-

tiffs' residences. The Court is responsible to adjudicate the competing legal claims of the parties; Mr. Bunge can not be faulted for articulating a view at odds with Sears' understanding of the law. Additionally, his two letters to the class members, Doc. # 48, Ex. A, B, appear to the Court as rather genteel solicitation offers to persons known to need a particular legal service, and as such are permitted under *Shapero v. Kentucky Bar. Ass'n*, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). Sears' claims that Mr. Bunge's letters are misleading under *Shapero*, Doc. # 60 at 10–11, rest on a strained reading of inferential language contained in a paragraph of one of the two letters. The Court finds that Mr. Bunge's letters are not improper, that he has aggressively asserted his clients' views, and he and co-counsel are qualified to maintain this action. The second criterion identified in *Bowen*, whether class claims have been aggressively put forth, is likewise met by Counsel and the named Plaintiffs herein. Plaintiffs have conducted significant briefing and discovery and have aggressively argued the merits of the action in briefs before this Court. While the Court might have wished the briefing to relate more closely to the procedural matters at issue, rather than the merits of the ultimate claims, such a shortcoming does not detract from the aggressive stance counsel have taken in representing the class. Their actions relate to the rights of the unnamed class members, not simply the named Plaintiffs. This Court concludes that the named plaintiffs meet the second prong of the *Senter* test, whether plaintiffs will vigorously prosecute the class claims. Based upon the foregoing, the Court finds that the fourth prerequisite of Rule 23(a) has been met.

The Court concludes that Plaintiffs have established that the four prerequisites of Rule 23(a) have been met. The Court now

---

9. The Truth in Lending Act provides that in a class action which alleges violations of its provisions, recovery is limited to $500,000.00 or 1% of the net worth of the creditor, whichever is less. 15 U.S.C. § 1640(a)(2)(B). Since the recovery herein is limited to $500,000, and there are at least 1,000 potential plaintiffs, if plaintiffs prevail and if each plaintiff is entitled to the same award, each plaintiff will obtain a maximum of $500.00.

10. The Court in *Bowen* developed the test in a post-trial review of its previous certification of the plaintiff class. Consequently, this Court interprets the test to require examination of counsel's representation of plaintiff through the present time, *i.e.* through Doc. # 80.

turns to the next level of inquiry, whether this litigation may be maintained as class action under Rule 23(b)(2) and/or Rule 23(b)(3).

### B. Requirements of Rule 23(b)

#### (i) Rule 23(b)(2)

In order to obtain declaratory or injunctive relief in a class action, the requirements of Rule 23(b)(2), that the party opposing the class "acted ... on grounds generally applicable to the class," Fed.R.Civ.P. 23(b)(2), must be fulfilled. The Court, based on the reasoning, *supra*, at pages 580–582, concludes that Sears has acted on grounds generally applicable to the class.

#### (ii) Rule 23(b)(3)

Sears challenges the suitability of this action for class certification pursuant to Rule 23(b)(3) on two grounds: with respect to the fraud claim and the rescission remedy, Sears alleges that factual questions common to the class will not predominate over issues affecting individual members; and Sears claims that assessment of damages for a class numbering in the thousands will render this action unmanageable. Doc. # 48 at 26–32.

■ There is little caseload on the propriety of maintaining a class action for rescission under 15 U.S.C. § 1635. *See, Elliott v. ITT Corp.,* No. 90–C–1841, 1992 U.S.Dist. LEXIS 17340 at *51–54 (N.D.Ill. Nov. 12, 1992) (collecting cases). The Fifth Circuit has determined that class actions for rescission are inconsistent with Congress' granting of attorney's fees to individuals who bring actions for rescission. *James v. Home Const. Co. of Mobile,* 621 F.2d 727, 730–731 (5th Cir.1980). *See also, Nelson v. United Credit Plan, Inc.,* 77 F.R.D. 54 (E.D.La. 1978). This Court concurs with the *James* that the grant of attorney's fees for individual actions brought pursuant to section 1635 is somewhat inconsistent with the Rule 23(b)(3) requirement that "a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." Accordingly, the Court denies class certification to Plaintiffs' claim for rescission pursuant to 15 U.S.C. § 1635.

The Court, however, will certify this action as a class action for the fraud claim. Plaintiffs' allegations turn on Sears' use of identical forms, common sales techniques, and routinized procedures for creating and registering liens and extending credit. Given such allegations, the Court rules that common questions will predominate over individualized questions, and that a class action will be superior to the available alternatives.

Finally, Sears argues that should Plaintiffs prevail, resolution of the damage issue will render the lawsuit unmanageable for this Court. Doc. # 48 at 31–32. The Court may find it necessary to certify sub-classes if it becomes necessary to determine damages. At the moment, the Court does not anticipate procedural problems with apportionment of damages sufficient to deny class certification in this matter.

This Court finds that five of the six claims in this action fulfill the requirements for class certification under Rule 23(b)(3). Common questions of law and fact predominate and a class action is superior to other forms of bringing this lawsuit. However, the claim for rescission pursuant to 15 U.S.C. § 1635 does not fulfill the requirements for certification under Rule 23(b)(3) and the Court holds that claim may not be pursued as a class action.

WHEREFORE, this Court hereby holds that claims brought pursuant to 15 U.S.C. §§ 1637 and 1638, Ohio R.C. Chs. 1317 and 1345 and the state fraud claim may be brought as a class action pursuant to Fed. R.Civ.P. 23. The Court excludes from the class officers, directors, and employees of Sears, and the heirs, immediate family members, successors and assigns of any excluded individual. The Court certifies two subclasses of plaintiffs: one class consisting of those individuals who purchased home improvements from Sears stores in Ohio whose purchases were financed by Sears, and the second class consisting of those individuals who purchased home improvements from Sears stores in Ohio whose purchases were financed by Sears subject to a security interest in the purchaser's home. The first class consists of individuals who purchased home improvements from December 1, 1987, to the

date of this order while the second class consists of individuals who purchased and financed home improvements, from December 1, 1985, until the date of this order. Ruling further, the Court denies class certification to the claim for rescission pursuant to 15 U.S.C. § 1635 and orders a conference call set to discuss certain procedures, especially notice to the class, and to set a trial date and establish pre-trial deadlines. The conference call will be held on Thursday, March 18, 1993 at 5:00 p.m.