Laura S. MANN, Plaintiff,

v.

ACCLAIM FINANCIAL SERVICES, INC., Defendant.

No. 2:02 CV 644.

United States District Court, S.D. Ohio, Eastern Division.

April 29, 2003.

Steven Charles Shane, Bellevue, KY, for Plaintiff.

Randal D. Robinson, Burman, Robinson & McCarthy—2, Columbus, OH, for Defendant.

### OPINION AND ORDER

KING, United States Magistrate Judge.

Plaintiff brings this action against Acclaim Financial Services, Inc., (hereinafter "Acclaim") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA") and Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.*, (hereinafter "OCSPA"). With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on plaintiff's motion to certify a class of plaintiffs.

## I. Background

The amended complaint alleges that plaintiff is a "consumer" and that Acclaim is a "debt collector" as defined by §§ 1692a(3), (6) of the FDCPA. *Amended Complaint*, at ¶¶ 3, 5. On April 15, 2002, Acclaim sent a written communication to plaintiff which demanded payment of a debt for utility services allegedly owed by plaintiff to an entity known as "The Energy Cooperative."[1] *Id.*, at ¶ 6. In addition to language required by § 1692g, this initial communication also contained the following:

> In addition, if this debt is not paid within 30 days of the receipt of this letter, this debt will be placed on your personal credit report records for 7 years (5 in New York).

*See Plaintiff's Exhibit A,* attached to the *Amended Complaint.* Plaintiff argues that this language violates the FDCPA. *Amended Complaint*, at ¶¶ 16–25. Plaintiff also argues that this language constituted a deceptive or unfair practice in violation of the OCSPA. *Id.*, at ¶ 36.

On or about May 2, 2002, Acclaim sent plaintiff a second written communication, again demanding payment. *Id.*, at ¶ 8. Plaintiff alleges that on approximately May 2, 2002, she sent a letter to Acclaim to dispute the debt. *Id.*, at ¶¶ 9–10. However, Acclaim never provided plaintiff with a written verification of the debt. *Id.*, at ¶ 12. Instead, Acclaim reported the debt to a credit reporting agency without indicating that it was disputed. *Id.*, at ¶¶ 13–14. Plaintiff argues that this also violates the FDCPA as well as the OCSPA. *Id.*, at ¶¶ 20, 36–38.

## II. Discussion

▇▇▇ On December 26, 2002, plaintiff moved this Court for an order, pursuant to Rule 23, certifying this case as a 23(b)(2) class action. Rule 23 of the Federal Rules of Civil Procedure outlines the requirements for class certification. However, before engaging in a Rule 23 analysis, a court must first consider whether a precisely defined class exists and whether the named plaintiff is a member of the proposed class. *Edwards v. McCormick,* 196 F.R.D. 487, 490–91 (S.D.Ohio 2000)(citing *East Texas Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977)). Once the Court is satisfied that a precisely defined class exists, and that plaintiff is a member thereof, the Court must engage in a "rigorous analysis" of the plaintiff's ability to meet the requirements of Rule 23. *Id.*, at 490 (citing *General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).

### A. Class Definition

▇▇▇ Even though a class definition is unique to a particular case, every class definition should include at least: (1) a specification of a particular group at a particular time frame and location who were harmed in a particular way; and (2) a method of definition that allows the court to ascertain its membership in some objective manner. *Edwards,* 196 F.R.D. at 490. Plaintiff has defined the class as consisting of "all consumers to whom defendant has mailed initial communication form letters either identical or similar to the one mailed by defendant" between June 28, 2000 (for violations of the OCSPA) or June 28, 2001 (for violations of the FDCPA) and the present.[2] *Plaintiff's Motion for Class Certification.* In particular, such initial communication must contain the following:

---

1. This alleged debt meets the definition of "debt" contained in § 1692a(5).

2. Although plaintiff also asserts several claims that are distinct from the class claims, this manner of pleading is explicitly authorized by Rule 23(c)(4).

In addition, if this debt is not paid within 30 days of the receipt of this letter, this debt will be placed on your personal credit report records for 7 years (5 in New York).

*Plaintiff's Exhibit A,* attached to *Plaintiff's Motion for Class Certification.*

Defendant has not argued that plaintiff's proposed class definition is overly broad or vague, nor does this Court draw such a conclusion. Plaintiff has specifically limited the proposed class to consumers who received an initial collection letter from defendant containing language that allegedly violates the FDCPA and the OCSPA, within the appropriate statutory period of limitations. Moreover, plaintiff has demonstrated that she received such a communication. *See Plaintiff's Exhibit A,* attached to the *Amended Complaint.* Therefore, this Court concludes that plaintiff has proposed a properly defined class, of which she is a member.

### B. Rule 23 Analysis

A district court has broad discretion to certify a class action, *In re American Medical Systems, Inc.,* 75 F.3d at 1079 (citing *Cross v. National Trust Life Ins. Co.,* 553 F.2d 1026, 1029 (6th Cir.1977)); however, a court may not certify a class without a "rigorous analysis" of the requirements of Rule 23. *Id.* (citing *General Tel. Co.,* 457 U.S. at 161, 102 S.Ct. 2364). *See also Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir.), *cert. denied,* 524 U.S. 923, 118 S.Ct. 2312, 141 L.Ed.2d 170 (1998). Rule 23 provides in relevant part:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Each of these four prerequisites must be satisfied, along with at least one of the tests set forth in Rule 23(b), in order to certify a class. *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996). In the case at bar, the plaintiff seeks class certification under Rule 23(b)(2), which provides:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\*　　\*　　\*　　\*　　\*　　\*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; ...

Fed.R.Civ.P. 23(b)(2). The party seeking to utilize the class action device must affirmatively establish the right to do so. *In re American Medical Systems, Inc.,* 75 F.3d at 1079; *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). In evaluating plaintiffs' motion to certify, the Court must accept plaintiffs' allegations as true and resolve any doubts as to certification in favor of the plaintiffs. *See Cross v. National Trust Life Ins. Co.,* 553 F.2d at 1029. The Court will now proceed with an analysis under Rule 23.

#### 1. Rule 23(a)

##### a. Numerosity

The numerosity requirement of Rule 23(a)(1) is satisfied where the potential class members are "so numerous that joinder of all members is impracticable." Rule 23(a)(1). There is no strict numerical test for determining when a class is so numerous that joinder is impracticable. *In re American Medical Systems,* 75 F.3d at 1079; *Senter,* 532 F.2d at 523. "Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Boggs v. Divested Atomic Corp.,* 141 F.R.D. 58, 63 (S.D.Ohio 1991) (citations omitted).

Acclaim argues that plaintiff has not provided a specific number of class members, and that, in any event, any such attempt would be purely speculative. However, plaintiff alleges that, during the deposition of Scott Donaldson, statutory agent of Acclaim,[3] Donaldson conceded that at least 1000 or more "digitized" letters containing the allegedly defective language were sent to consumers during the relevant period. *Deposition of Scott Donaldson,* at pp. 33–40. Thus, this Court concludes that the numerosity requirement of Rule 23(a)(1) has been satisfied in this case.

## b. Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." This requirement is qualitative rather than quantitative; in other words, there need only be one issue common to the class. *In re American Medical Systems,* 75 F.3d at 1080. As the United States Court of Appeals for the Sixth Circuit has stated, "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What we are looking for is a common issue the resolution of which will advance the litigation." *Sprague,* 133 F.3d at 397. The commonality requirement is satisfied when the members of the class have allegedly been affected by a general policy of the defendants, and the general policy is the focus of the litigation. *Mayo v. Sears, Roebuck and Co.,* 148 F.R.D. 576, 580 (S.D.Ohio 1993).

The commonality element has been satisfied in this case. The class proposed in this case consists of all consumers who received an initial communication from Acclaim stating, "In addition, if this debt is not paid within 30 days of the receipt of this letter, this debt will be placed on your personal credit report records for 7 years (5 in New York)." While plaintiff has raised additional claims, there remains at least one issue common to all members of the class, *i.e.,* whether this language violates the FDCPA and/or the

OCSPA.[4] "In FDCPA cases, '[w]here plaintiffs have received similar debt collection letters ... courts have found common questions of law or fact sufficient to certify the class.'" *Edwards,* 196 F.R.D. at 494 (citing *Labbate–D'Alauro v. GC Services Ltd. Partnership,* 168 F.R.D. 451, 456 (E.D.N.Y.1996)). Therefore, this Court concludes that the commonality element of Rule 23(a)(2) has been satisfied.

## c. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

*In re American Medical Systems,* 75 F.3d at 1082, (quoting 1 *Newberg on Class Actions,* § 3–13 at 3–76 (3rd ed.1992) (omitting footnote)). The typicality requirement focuses on the type of injury suffered by the class members and the interests of the various class members. *See Senter,* 532 F.2d at 525.

Plaintiff alleges, *inter alia,* that the language in Acclaim's initial communication violated both the FDCPA and the OCSPA. As was discussed *supra,* the class members' claims arise from the very same course of conduct by Acclaim. While the extent of a class member's particular injuries may differ, because they all received communications containing the same language, the type of injury will generally be the same. *See Car-*

---

**3.** Scott Donaldson was named as a statutory agent for Acclaim on the summons served upon Acclaim.

**4.** As was discussed *supra,* the Rule 23(c)(4) specifically authorizes a class limited to particular issues. *See Supra,* note 2.

*roll v. United Compucred Collections, Inc.,* (unreported) 2002 WL 31936511 (M.D.Tenn. Nov.15, 2002). Therefore, this Court concludes that the typicality element of Rule 23(a)(3) has been satisfied.

### d. Adequacy

■■■■■ The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). There are two criteria for determining whether this requirement is satisfied: "1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter,* 532 F.2d at 525 (citation omitted). In regard to the first part of this test, three factors should be considered. First, "whether the representative was a member of the class;" second, "the nature and extent of the named party's stake in the outcome;" and third, the named party's "familiarity with the conditions he seeks to challenge on behalf of the class." *Mayo,* 148 F.R.D. at 581 (citing *Bowen v. General Motors Corp.,* 542 F.Supp. 94, 99 (N.D.Ohio 1981)). In regard to the second part of the test, *i.e.,* that the named representative will vigorously prosecute the interests of the class, there are two factors to consider. First, whether the plaintiff has retained qualified counsel, and second, whether counsel and the named representative can be expected to investigate the claims in the pretrial discovery period and present the claims at trial. *See Id.* at 582.[5]

■■■■■ In the instant case both prongs of the test are met. As was discussed *supra,* all members of the class, including plaintiff, received the allegedly defective initial communication from Acclaim, and all members of the class have an equal interest in preventing Acclaim's alleged illegal acts. Thus, any declaratory or injunctive relief will benefit all members of the class. Moreover, there is no indication that plaintiff's counsel is unqualified to handle this matter, or that plaintiff or her counsel will neglect their duties to investigate claims on behalf of all members of the class. Therefore, this Court concludes that the adequacy element of Rule 23(a)(4) has been satisfied.

### 2. Rule 23(b)

■■■■ In light of the Court's conclusion that the four prerequisites for class certification under Rule 23(a) have been satisfied, the Court will now proceed with the analysis under Rule 23(b). *Senter,* 532 F.2d at 522. Plaintiffs seek certification under Rule 23(b)(2), which allows a class action to be maintained if the party opposing the class has acted in a manner generally applicable to the class, thus making the entry of final injunctive relief or corresponding declaratory relief appropriate.

■■■■ Acclaim does not dispute that it has acted in a manner generally applicable to the entire class. Instead, Acclaim argues that injunctive relief is unavailable under the FDCPA, thus making a Rule 23(b)(2) class inappropriate. Acclaim also argues that, even though the OCSPA specifically authorizes injunctive relief, this Court should decline supplemental jurisdiction over those claims. For the following reasons, Acclaim's arguments are without merit.

■■■■ Acclaim is correct in arguing that, as a general matter, injunctive relief is not authorized in FDCPA cases. However, corresponding declaratory relief has been allowed in FDCPA cases. While the United States Court of Appeals for the Sixth Circuit has not directly addressed this issue, several district courts within the Sixth Circuit have certified Rule 23(b)(2) classes in FDCPA cases. *See Gradisher v. Check Enforcement Unit, Inc.,* 203 F.R.D. 271, 280 (W.D.Mich. 2001); *Carroll,* 2002 WL 31936511. In fact, this Court has recognized that a Rule 23(b)(2) class certification may be appropriate in FDCPA cases. *See Edwards,* 196 F.R.D. 487; *Foster v. D.B.S. Collection Agency,* (unreported) 2002 WL 484500 (S.D.Ohio March 26, 2002). Thus, this Court

---

**5.** The Court in *Mayo* noted that the *Bowen* court developed the second part of this test in the post-trial review of its certification of a plaintiff class; the *Mayo* court therefore interpreted the test as of that time. *Mayo v. Sears, Roebuck and Co.,* 148 F.R.D. at 582 n. 10.

concludes that a Rule 23(b)(2) class is appropriate in this case where declaratory relief is sought by the class for alleged violations of the FDCPA.

 Acclaim also argues that this Court should decline to exercise supplemental jurisdiction over the OCSPA claims. Acclaim's principal argument is that, because the FDCPA does not support an award of injunctive relief, and because OCSPA presents novel or complex issues of state law, a Rule 23(b)(2) class certification of the OCSPA issues would be inappropriate. However, as was discussed *supra*, this Court has concluded that a Rule 23(b)(2) class, seeking declaratory relief, is appropriate in FDCPA cases. Moreover, even if this Court had not certified a Rule 23(b)(2) class for purposes of the FDCPA claims, certification for the OCSPA claims would nevertheless be appropriate. This Court concludes that there is no inherent limitation that makes Rule 23 *per se* inapplicable to a claim over which the Court must exercise supplemental jurisdiction. *See Almenares v. Wyman*, 453 F.2d 1075, 1084 (2nd Cir.1971).

 Additionally, this Court concludes that it has properly exercised supplemental jurisdiction over the OCSPA claims in this case. A court may exercise supplemental jurisdiction when the state law claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To form part of the same "case or controversy," the state law claims must "derive from a common nucleus of operative fact such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218, (1966).

This Court concludes that the OCSPA claims asserted in this case are so related to the FDCPA claims that they form part of the same case or controversy. In fact, plaintiff is relying on the alleged violations of the FDCPA to form the basis of the claims under the OCSPA. *See Plaintiff's Reply to Defendant's Memorandum in Opposition to ... Plaintiff's Motion for Class Certification*, at p. 4. Moreover, this Court cannot conclude

that the OCSPA claims in this case raise such novel or complex issues of state law as to make exercise of supplemental jurisdiction inappropriate under § 1367(c). This Court has, on numerous occasions, applied the provisions of the OCSPA and has considered the issue of whether violations of the FDCPA also constitute violations of the OCSPA. *See, e.g., Edwards v. McCormick*, 136 F.Supp.2d 795 (S.D.Ohio 2001); *Morales v. Walker Motors Sales, Inc.*, 162 F.Supp.2d 786 (S.D.Ohio 2000); *Lewis v. ACB Business Services, Inc.*, 911 F.Supp. 290 (S.D.Ohio 1996). Therefore, this Court concludes that class certification under Rule 23(b)(2) is appropriate.

WHEREUPON, in light of the foregoing, plaintiff's motion to certify a Rule 23(b)(2) class is **GRANTED**. This Court will certify a class of plaintiffs consisting of all consumers to whom Acclaim has mailed, between June 28, 2000 (for violations of the OCSPA) or June 28, 2001 (for violations of the FDCPA) and the present, initial communication form letters containing the following language: "In addition, if this debt is not paid within 30 days of the receipt of this letter, this debt will be placed on your personal credit report records for 7 years (5 in New York)."