**In re CINCINNATI RADIATION LITIGATION.**

No. C–1–94–126.

United States District Court,
S.D. Ohio,
Western Division.

May 13, 1999.

Lori L. Freno-Engman, Kircher, Robinson, Newman & Welch, Cincinnati, OH, Michael Thomas Alexander, Cincinnati, OH, Richard Alexander, Alexander Law Firm, San Jose, CA, Robert Brand Newman, Lisa Talmadge Meeks, Newman & Meeks Co., LPA, Cincinnati, OH, David Paul Kamp, White, Getgey & Meyer Co., LPA-1, Cincinnati, OH, Gary Russell Lewis, Gustavson, Lewis & Jones, LPA, Cincinnati, OH, for plaintiffs.

John Henry Metz, Cincinnati, OH, Daniel Berger, Stanley Siegel, Laura Stein, Berger & Montague, PC, Philadelphia, PA, Richard B. Drubel, Boies & Schiller, Hanover, NH, H. W. Cummins, Cummins & Associates, Washington, DC, for Darlene Jordan, Beatrice Plair, Maude Jacobs, and Willie Williams.

Robert Joseph Parker, Taft, Stettinius & Hollister, Cincinnati, OH, for Eugene L. Saenger, M.D.

Kenneth Richard Faller, Beckman, Weil Shepardson & Faller, Cincinnati, OH, for University of Cincinnati.

Neil Frank Freund, Freund, Freeze & Arnold, Dayton, OH, James Frank McDaniel, Cincinnati, OH, for Edward Silberstein, M.D.

William Charles Curley, Keener, Doucher, Curley & Patterson, Columbus, OH, for Bernard S. Aron, M.D.

Bernard W. Wharton, McCaslin, Imbus & McCaslin, Cincinnati, OH, for Harry Horwitz, M.D.

Jerome Charles Randolph, Keating, Muething & Klekamp, Cincinnati, OH, for James G. Kereiakes, M.D.

David Carr Greer, James H. Greer, Bieser, Greer & Landis, Dayton, OH, Brian Edward Hurley, Crabbe, Brown, Jones, Potts & Schmidt, Cincinnati, OH, for Harold Perry, M.D.

Thomas Montgomery Evans, Rendigs, Fry, Kiely & Dennis, Cincinnati, OH, for Ben I. Friedman, M.D.

Jack Clyde McGowan, T. Andrew Vollmar, Scheper & McGowan, Hamilton, OH, James Henry Scheper, Fairfield, OH, for Thomas L. Wright, M.D.

Alphonse Adam Gerhardstein, Cincinnati, OH, for Robert L. Kunkel, M.D.

Richard David Lameier, Barron, Peck & Bennie, Cincinnati, OH, for Goldine C. Gleser, Ph.D.

Donetta Donaldson Wiethe, U.S. Dept. of Justice, Cincinnati, OH, Stephen M. Doyle, U.S. Dept. of Justice, Washington, DC, for Warren O. Kessler, M.D. and Myron I. Varon, M.D.

Mark S. Yurick, Assistant City Solicitor, Cincinnati, OH, Karl Paul Kadon, III, Cincinnati, OH, Mark Carl Vollman, Loeb, Vollman & Friedmann, Mary Fay Danner Dupuis, Cincinnati, OH, for City of Cincinnati.

Sidney Weil, Jr., Beckman, Weil, Shepardson & Faller, Cincinnati, OH, for University of Cincinnati.

Frank Chester Woodside, III, Mary-Jo Middelhoff, Dinsmore & Shohl, Cincinnati, OH, for Childrens Medical Center.

## Memorandum and Order

BECKWITH, District Judge.

This matter is before the Court to consider whether class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure is appropriate. On August 4, 1997, this Court issued a Memorandum and Order pursuant to which it denied the joint motion of Defendants and certain of the Plaintiffs to certify a class and approve a settlement (Doc. 136). The Court concluded that it could not, on the record as it was then constituted, certify a class for purposes of approving the proposed settlement and, therefore, denied preliminary approval of the settlement. Subsequently, the Court granted preliminary approval of the proposed settlement. The Court did not certify a class at that time, however. After a hearing at which the Court heard arguments in favor of and in opposition to final approval of the proposed settlement, the Court encouraged the parties, including the members of the proposed class who objected to the proposed settlement agreement, to resume negotiations to resolve objections and address certain concerns expressed by the Court. The parties have now returned to the Court with a revised settlement agreement[1], to which the Court has given its final approval. The sole outstanding matter in this action, therefore, is the certification of a plaintiff class.

### 1. Rule 23

■ The Court may certify a class if it is convinced that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure are satisfied. *See General Telephone Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In conformity with recent Supreme Court jurisprudence, the Court must apply those prerequisites as stringently in this action, in which the parties have entered into a settlement agreement, as it would in any other case. *See, generally, Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

■ Rule 23(a) sets forth four requirements for the certification of a class. The proponents of class certification must establish that each of those four requirements is satisfied with respect to the putative class. *See Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Mayo v. Sears, Roebuck & Co.,* 148 F.R.D. 576 (S.D.Ohio 1993). Within the framework of Rule 23, the Court has broad discretion in determining whether an action is maintainable as a class action. *See Kentucky Educators Public Affairs Council v. Kentucky Registry of Election Finance,* 677 F.2d 1125 (6th Cir.1982); *Boggs v. Divested Atomic Corp.,* 141 F.R.D. 58 (S.D.Ohio 1991). The requirements are as follows:

(1) the members of the class must be so numerous that joinder of all members is impracticable (the "numerosity requirement");

(2) questions of law or fact must be common to the entire class (the "commonality requirement");

(3) the claims or defenses of the named representative must be typical of the claims or defenses of the class (the "typicality requirement"); and

(4) the named representative must fairly and adequately represent the interests of the class as a whole (the "adequacy of representation requirement").

■ In determining whether to certify a class, the Court must not consider the merits of the action. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). For purposes of a class

---

1. Certain members of the proposed class who objected to the settlement agreement as originally proposed have entered into a separate settlement agreement with the Defendants.

certification motion, the Court must accept as true the allegations of the complaint. *See Shelter Realty Corp. v. Allied Maintenance Corp.*, 574 F.2d 656, 661 n. 15 (2d Cir.1978); *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). The Court "may consider reasonable inferences drawn from facts before [it] at that stage of the proceedings." *Senter*, 532 F.2d at 523. The existence of a settlement agreement is pertinent only to the determination under Rule 23(b)(3)(D) of the complexity of litigation of the class action. *See Amchem Products, supra.*

If the proponents of class certification establish that each of the four requirements of Rule 23(a) are satisfied, they must also demonstrate that the class is an appropriate one for certification under one of the three subsections of Rule 23(b). *See Senter, supra; Mayo, supra.* The proponents of the certification of the plaintiff class in this matter urge the Court to determine that certification pursuant to 23(b)(1)(B) and/or 23(b)(2) is appropriate and to certify the class as a mandatory class.

Rule 23(b) provides, in pertinent part, as follows:

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

\* \* \* \* \* \*

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

### a. Numerosity

To satisfy Rule 23(a)(1), the proponents of class certification must establish that "the class is so numerous that joinder of all members is impracticable." The numerosity requirement does not impose an absolute numerical limitation. *See, generally, General Telephone Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Rather the Court must examine the facts of the case and determine whether Plaintiffs will suffer distinct litigational hardship or inconvenience if joinder is required. *See Boggs*, 141 F.R.D. at 63.

In this action, the proponents of certification have established to the Court's satisfaction that the proposed class consists of more than eighty members, and no party in this litigation has argued that the proposed class does not satisfy the numerosity requirement of Rule 23(a)(1). The Court is satisfied that joinder of all class members is impracticable.

### b. Commonality

To satisfy Rule 23(a)(2), the proponents of certification of the class must demonstrate that "there are questions of law or fact common to the class." The commonality requirement is satisfied "as long as the members of the class have allegedly been affected

by a general policy of the defendant, and the general policy is the focus of the litigation." *Day v. NLO, Inc.,* 144 F.R.D. 330, 333 (S.D.Ohio 1992), *vacated on other grounds,* 5 F.3d 154 (6th Cir.1993). In this action, the primary legal and factual questions are common to the proposed class. While certain sub-questions may be unique to members of the class or common to only part of the class, the Court is persuaded that the most significant questions are common to the class as a whole. *See Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188, 1197 (6th Cir.1988). The Court concludes, therefore, that the commonality requirement of Rule 23(a)(2) is satisfied.

### c. Typicality

 To satisfy the typicality requirement of Rule 23(a)(3), the proponents of class certification must demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." In determining whether the typicality requirement is satisfied, the Court must focus on the type of injury suffered by class members and the varying interests of individuals in the proposed class. *See Senter,* 532 F.2d at 525; *Boggs,* 141 F.R.D. at 64. The typicality requirement, like the commonality requirement, "serves to ensure that the claims of the class members are so interrelated that the interests of absent class members will be protected." *See Falcon,* 457 U.S. at 157, 102 S.Ct. 2364; *Boggs,* 141 F.R.D. at 64.

 "[T]he named [p]laintiffs' claim must stem from the same event, practice or course of conduct that forms the basis of the class claims and be based on the same remedial theory." *Transamerican Refining Corp. v. Dravo Corp.,* 130 F.R.D. 70, 73 (S.D.Tex. 1990) (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1764 at 228 (1986)) (quoted with approval in *In re Revco Securities Litigation,* 142 F.R.D. 659, 666 (N.D.Ohio 1992)). The typicality requirement does not, however, insist on identical claims. *See Eisenberg v. Gagnon,* 766 F.2d 770, 786 (3d Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985). "Typicality exists when the class representative presents issues common to the class, and the representative's position on those issues is not antagonistic to the position of the other class members." *In re Consumers Power Company Securities Litigation,* 105 F.R.D. 583, 602 (E.D.Mich.1985) (citing *Lewis v. Capital Mortgage Investments,* 78 F.R.D. 295, 301 (D.Md.1977)).

In this action, at least 34 of the members of the proposed class have been named as representatives of the class or have otherwise made appearances. Those members of the proposed class have had notice of the proceeding in this action and an opportunity to be heard, individually or collectively, at every significant stage of this litigation. The Court considers each of those persons to have been a class representative and concludes that the claims of those 34 persons, including Plaintiff Donna White Christy, the sole surviving subject of the experiments that gave rise to this action, are typical of the claims of all members of the proposed class. The Court, thus, concludes that the typicality requirement of Rule 23(a)(3) is satisfied.

### d. Adequacy of Representation

 Finally, to satisfy the requirement of Rule 23(a)(4), the proponents of certification must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." In assessing the adequacy of representation, the Court must consider whether the class representatives share sufficient common interests with the other class members and whether they have vigorously prosecuted the class' interests through qualified counsel. *See Senter,* 532 F.2d at 524–25; *Mayo,* 148 F.R.D. at 66.

 In this case, as the Court has noted, more than one-third of the members of the proposed class have served as representatives of the class inasmuch as they have appeared, have been notified of the proceedings, and have been given an opportunity to be heard at every significant stage of the litigation. Those members of the proposed class share sufficiently common interests with the other members to ensure that absent class members' interests have been fairly represented. Furthermore, the proposed class has been represented by competent

counsel with sufficient resources to vigorously prosecute this action. The Court concludes, therefore, that the adequacy of representation requirement of Rule 23(a)(4) is satisfied with regard to the proposed class.

e. Rule 23(b)

■ The proponents of the present settlement agreement urge the Court to certify a plaintiff class pursuant to Rule 23(b)(1)(B) or 23(b)(2). The amicus curiae, Trial Lawyers for Public Justice, has urged the Court to certify the class pursuant to Rule 23(b)(3) or as a hybrid under Rule 23(b)(2). Of the parties in this action, only the individual Defendants have responded to the suggestion of the amicus curiae. The individual Defendants argue that certification under 23(b)(3) is not appropriate but agree that the class is appropriately certified as a hybrid class. The Court concurs with that assessment.

Rule 23(d) provides as follows with regard to the authority of the Court in class actions:

> In the conduct of actions to which this rule applies, the court may make appropriate orders: ... (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action.

The Court has previously indicated to the parties in this matter that it will not certify the plaintiff class as a mandatory class. Notice to absent class members and the right to "opt out" of the class are not commonly required, however, when classes are certified pursuant to Rule 23(b)(1) or (2), as those rights are typically reserved to Rule 23(b)(3) classes. *See Holmes v. Continental Can Co.*, 706 F.2d 1144, 1145 (11th Cir.1983); *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 604 (E.D.Mich.1996). The amicus curiae and the individual Defendants agree, nevertheless, that a plaintiff class may be certified as a hybrid class pursuant to Rule 23(b)(2) and 23(d)(2).

The Court concludes that the certification of the plaintiff class in this action pursuant to Rule 23(b)(2), absent a right to opt out, would be inappropriate with respect to the monetary portion of the relief afforded by the settlement agreement. The Court has, on more than one occasion in this action, set forth its conclusion that the equitable relief provided by the proposed settlement agreement does not predominate over the monetary relief. Accordingly, certification under Rule 23(b)(2) alone is not appropriate. The Court further concludes that the assumption of cohesiveness underlying the certification of a class under Rule 23(b)(2) is not justified in regards to the claims of the members of the proposed class for monetary damages. *See Thomas v. Albright*, 139 F.3d 227, 235 (D.C.Cir.) *cert. denied*, —— U.S. ——, 119 S.Ct. 539, 142 L.Ed.2d 448 (1998).

Certification of the proposed class pursuant to Rule 23(b)(2) is, however, appropriate with regard to the equitable portion of the relief afforded by the settlement agreement. The Defendants' alleged conduct toward the members of the class or the persons whose estates they represent was generally applicable to all members, thereby making appropriate final injunctive and equitable relief with respect to the class as a whole. While individual test subjects may have suffered differently as a result of the Defendants' alleged conduct, the conduct was, in all material respects, the same as regards each test subject. The equitable relief actually afforded by the proposed settlement agreement is appropriately directed to all members of the class and variations in that relief depending upon the differences in individual Plaintiffs' cases would not be appropriate.

As the Court has previously concluded, the monetary elements of the proposed settlement agreement predominate over the equitable elements. Under those circumstances, certification of the class under Rule 23(b)(2) as regards the monetary portion of the relief afforded by that agreement, without a right to notice and to opt out of the class, would not be appropriate.

Several courts have recognized the efficacy, in light of the discretion and authority allowed by Rule 23(d)(2), of a hybrid class under Rule 23(b)(2) with notice and opt out rights. *See Thomas,* 139 F.3d at 234–236; *Fuller,* 168 F.R.D. at 604–06. Such a certification alleviates this Court's concerns about due process in the absence of notice to all members of the class. *See Fuller,* 168 F.R.D. at 604. Rule 23(d)(2) permits the Court to exercise its discretionary power over the conduct of a class action when the Court deems the circumstances to be appropriate. *See Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 464 (N.D.Cal. 1994). The determination of when the use of that power is appropriate "often turns on the Court resolving the conflict 'between the policy of facilitating ... class actions and the need to protect the rights of absent class members.'" *Fuller,* 168 F.R.D. at 604 (quoting *Holmes,* 706 F.2d at 1153). Courts that have exercised that power to require notice and a right to opt out in conjunction with the certification of a Rule 23(b)(2) class have recognized that failure to do so "may deny many members of the class procedural fairness." *Fuller,* 168 F.R.D. at 604 (citing Rosen, *Title VII Classes and Due Process: To (b)(2) or not to (b)(3),* 26 Wayne L.Rev. 919, 952 (1980)).

In this case, as in *Fuller, supra,* the balance tips in favor of notice and opt out rights. After it granted preliminary approval to the proposed settlement of this action, the Court directed counsel for the proposed plaintiff class to give actual notice of the proposed settlement of this action to each identified class member and to publish notice in the *Cincinnati Enquirer.* That notice, given pursuant to the Court's direction, advised each member of the proposed class of his or her right to opt out of the proposed settlement. Some members of the proposed class exercised their right to opt out of the settlement and entered into separate settlement agreements with the Defendants. The Court is persuaded that the notice thus provided sufficiently advised members of the proposed class of the proposed settlement and of their right to opt out of the settlement. Accordingly, the Court is persuaded that the requirements of due process are satisfied. Accordingly, the Court hereby **GRANTS** the motion for certification of a class (Doc. 184) as follows. The Court hereby **CERTIFIES** the following plaintiff class (the "Class") pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure:

> All persons who, between 1960 and 1972, were the subject of study under one or more contracts between the University of Cincinnati and the Defense Atomic Support Agency, including without limitation those identified as DA 49–146–XZ–029, DA–49–146–XZ–315 and DASA–01–69C–0131 including modifications to each, including the following two subclasses:
>
> (a) those persons who received total or partial body radiation in Cincinnati, Ohio, between 1960 and 1972;
>
> (b) those persons who did not receive total or partial body radiation in connection with the above contracts.

**IT IS SO ORDERED.**

